# EXHIBIT A

# SKUPIN & LUCAS, P.C.
## ATTORNEYS AND COUNSELORS AT LAW
### 155 WEST CONGRESS, SUITE 350
### DETROIT, MICHIGAN 48226-3294

JOSEPH F. LUCAS
GERALD R. SKUPIN
DAVID K. WHIPPLE
CASEY J. MAJESTIC, JR.
CHARLES G. SKUPIN, OF COUNSEL

TELEPHONE (313) 961-0425
FACSIMILE (313) 961-1033
E-MAIL sklupc@aol.com

NORTHERN MICHIGAN OFFICES
EAST TAWAS
ALPENA
WEST BRANCH

TELEPHONE (800) 710-4811

June 23, 2020                    _**Via Certified Mail**_

GoPlus Corp
11250 Poplar Avenue, Building C
Fontana, California 92337-7300

     Re:   Marnie L. Hahn and Richard Hahn vs. Costway LLC., et al.
           Alpena County Circuit Court Case No.: 20-9520-NI
           Our File No.: 19-136

Dear Resident Agent:

Please find herewith enclosed Summons and Complaint which has been filed against GoPlus Corp in the Alpena Circuit Court in connection with the above-captioned matter.

     If you have any questions or comments, please do not hesitate to contact the undersigned.

                        Very truly yours,

                        **SKUPIN & LUCAS, P.C.**

                        David K. Whipple

DKW/jf
Enclosures
Certified Tracking Number: 7018 2290 0000 5326 0430

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| 26th    JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | 20-9520   NI |

**Court address**
720 W Chisholm St # 1, Alpena, MI 49707

Court telephone no.
(989) 354-9573

| Plaintiff's name(s), address(es), and telephone no(s).<br><br>MARNIE L. HAHN<br>and RICHARD HAHN | | Defendant's name(s), address(es), and telephone no(s).<br><br>GOPLUS CORP., |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>DAVID K. WHIPPLE (P36767)<br>SKUPIN & LUCAS, P.C.<br>Attorneys for Plaintiff<br>155 W. Congress Street, Suite 350<br>Detroit, Michigan 48226 | v | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (9/19)   **SUMMONS**

MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| PROOF OF SERVICE | SUMMONS | |
|---|---|---|
| | Case No. 20- | NI |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:  (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that:  (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
                        List all documents served with the summons and complaint
_____
_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature _____ |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) _____ |
| | | | | Title _____ |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                                    Date

My commission expires: _____   Signature: _____
                                        Date                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                                    Attachments
_____ on _____
                                                                        Day, date, time
_____ on behalf of _____.
Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF ALPENA

MARNIE L. HAHN
and RICHARD HAHN,

       Plaintiffs,

vs.

COSTWAY LLC, COSTWAY.COM, INC.,
GIANTEX, INC., GOPLUS CORP., and
WEI WU, an individual

       Defendants.

_____ /

Case No.: 20-95-70 NI

Hon.:

DAVID K. WHIPPLE (P36767)
SKUPIN & LUCAS, P.C.
Attorneys for Plaintiff
155 W. Congress Street, Suite 350
Detroit, Michigan 48226
(313) 961-0425 | (313) 961-1033
jfearnow@skupinandlucas.com -assistant

_____ /

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

## COMPLAINT AND JURY DEMAND

NOW COMES the above-named Plaintiff's MARNIE L. HAHN and RICHARD

HAHN, by and through their attorneys, SKUPIN & LUCAS, P.C., and hereby complain:

against the Defendants, COSTWAY LLC, COSTWAY.COM, INC., GIANTEX INC.,

GOPLUS CORP, and WEI WU as follows:

## JURISDICATIONAL ALLEGATIONS

1.      That Plaintiffs MARNIE L. HAHN and RICHARD HAHN are residents of the City of Alpena, County of Alpena, State of Michigan.

2.      That Defendants COSTWAY LLC, (Lic. # C3819960), (Defendants COSTWAY) is a California Limited Liability Company having an address of 11250 Poplar Avenue Building C, Fontana, CA 92337-7300 and was doing continuous and systematic business in the County of Alpena, State of Michigan.

3.      That Defendant COSTWAY.COM, INC., (Defendants COSTWAY) is a California Corporation having an address at 3900 E. Philadelphia Street, Ontario, CA 91761, and 11250 Poplar Avenue Building C, Fontana, CA 92337-7300, and was doing continuous and systematic business in the County of Alpena, State of Michigan.

4.      That Defendant GIANTEX INC., (Defendants COSTWAY) is a California Corporation with an address 3900 E. Philadelphia Street, Ontario, CA 91761, and was doing continuous and systematic business in the County of Alpena, State of Michigan.

5.      That Defendant GOPLUS CORP (Defendants COSTWAY) is a California Corporation with an address of 11250 Poplar Avenue Building C, Fontana, CA 92337-7300 and was doing continuous and systematic business in the County of Alpena, State of Michigan.

6.      That the Defendant WEI WU (Defendants COSTWAY) is a citizen of the State of California and is an owner of Defendants COSTWAY and maintains business offices at 3900 E. Philadelphia Street, Ontario, CA 91761, 1670 Etiwanda Avenue, Unit B- 104, Ontario, California, 91761, and 11250 Poplar Avenue Building C, Fontana, CA

2

92337-7300, and is doing continuous and systematic business in the County of Alpena,
State of Michigan.

7.      That venue is proper in Alpena County pursuant MCL 600.1629 et seq.
because all events giving rise to this cause of action took place in Alpena County,
Michigan, and that Defendants COSTWAY committed acts, caused harm, marketed,
sold, distributed and or delivered its products, including the "Costway 7 Height
Adjustable Bath Shower Chair Medical Seat Stool" (subject chair/seat) in Alpena
County, Michigan.

8.      That personal and general jurisdiction and the exercise thereof is
appropriate under the Michigan longarm statutes, MCL 600.711; MCL 600.715, et seq.

9.      That Defendants COSTWAY did provide and offer for sale and Plaintiff so
purchased the subject chair/seat through the internet and retail locations throughout the
State of Michigan including Bed Bath and Beyond and Wal-Mart, including the Wal-Mart
located in Alpena County, Michigan.

10.     That the amount in controversy is in excess of Twenty-Five Thousand
($25,000.00) Dollars, exclusive of costs, interest and attorney fees, and the matter is
otherwise within the general jurisdiction of this court.

## FACTUAL ALLEGATIONS

11.     That Defendants COSTWAY are in the business of designing,
manufacturing, testing, inspecting, and distributing "Costway 7 Height Adjustable Bath
Shower Chair Medical Seat Stool" (subject chair/seat).

12.     That on or about March 18, 2018 Plaintiff, MARNIE L. HAHN, was
utilizing/sitting on the subject chair/seat in her shower, when in the process of

3

transferring from the subject chair/seat to the adjacent walker when suddenly, without any warning whatsoever, the subject chair/seat failed and collapsed causing her to fall and suffer traumatic, permanent injuries and damages as hereinafter detailed and described including but not limited to loss of vital body functions.

13.    That the potential for this type of injury is well known to Defendants COSTWAY and the subject chair/seat was not designed for and did not provide the necessary safeguards to be used as an "Adjustable Bath Shower Chair Medical Seat Stool".

14.    That the Defendants COSTWAY knew and or should have known that the risk of harm based upon the scientific, technical, or medical information available at the time, and that the material risk that the chair would collapse was not obvious to Plaintiff, MARNIE L. HAHN, or a reasonable product user.

15.    That Defendants COSTWAY had actual knowledge that the subject chair/seat was defective and that there was a substantial likelihood that the defect would cause the injury that is the basis of this action, and that Defendants COSTWAY willfully disregarded that knowledge in the manufacture and distribution of that chair/seat. MCL 600.2949a

16.    That there were no signs and or warnings on the subject chair/seat warning of the hazard of failure, collapse, failure to support, or otherwise, or the created unreasonable risk of injury.

17.    As a proximate result Plaintiff, MARNIE L. HAHN has sustained serious and permanent personal injuries including:

        a)    Loss of wages;

4

b)     Loss of earning capacity;

c)     Traumatic nerve damage;

d)     Loss use of right shoulder, arm, elbow, and hand;

e)     Concussion with closed head injury;

f)     Re-aggravation of right knee injury;

g)     Medical treatment and expenses, pain and suffering, and permanent disfigurement, and loss of vital body functions.

## COUNT I
## PRODUCTS LIABILITY – MCL 600.2945 et seq.

Plaintiffs hereby incorporate by reference each and every allegation set forth above by reference, as though fully set forth herein, and further complain:

18.    That under MCL 600.2945 et seq. Defendants COSTWAY had a duty to Plaintiffs to safely and properly design, manufacture, advertise, label, distribute, sell, test, inspect, repair, and produce the subject chair/ seat so that it was not unreasonably dangerous when used in the manner intended or in a manner reasonably foreseeable.

19.    That Defendants COSTWAY, by and through their agents and employees knew or should have known that the subject chair/seat was defective and of inferior quality in form and content in that it could collapse under normal and all reasonable and foreseeable use.

20.    That Defendants COSTWAY breached their duty to Plaintiffs, including but not limited to, *inter alia*, the following:

a)     Failure to design the subject chair/seat to provide and it did not provide the necessary safeguards to be used as a medical shower chair/seat;

b)     Failed to properly and adequately design, prepare, manufacture and or inspect the subject chair/ seat;

5

c)      Failure to engage in proper and adequate testing, research, preparation and design for the determination of reasonable and adequate means to prepare, assemble, and or use the subject chair/seat;

d)      Failure to equip the subject chair/seat with sufficient or proper safety instructions or warnings;

e)      Failure to equip the subject chair/seat packaging with sufficient or proper safety instructions or warnings;

f)      Failure to properly and adequately apprise, warn, and instruct regarding the potential dangers of the subject chair/seat;

g)      Failure to supply a shower chair/seat that was adequate and fit for its intended and reasonable foreseeable uses;

h)      Producing a defective and or unreasonably dangerous shower chair/seat when Defendants knew or should have known about this risk of harm based upon the scientific, technical or medical information reasonably available at the time the product left the control of the Defendants' manufacturer;

i)      Failure to recall the subject chair/seat or issue a bulletin to purchasers advising of the defective product of which Defendants had knowledge;

j)      Defendants had actual knowledge that the product was defective and there was a substantial likelihood would cause injury, yet willfully disregarded such knowledge;

k)      Defendants acted as described not withstanding their knowledge that a reasonably safe alternative design was available and or in use and that would not have created a greater risk of harm or significantly impair the usefulness or desirability of this product;

l)      Defendants had actual and constructive knowledge of the defects / dangers, had reason to believe that consumers and Plaintiff would be unaware of said defects / dangers, and failed to exercise reasonable care to inform the consumer and Plaintiff of the dangers;

m)      Notwithstanding Defendants had actual knowledge that the product was defective and there was a substantial likelihood it would cause

6

injury the Defendant willfully disregarded such knowledge in a grossly negligent manner;

n)    Defendants had actual knowledge that the attachment means of the legs to the seat allowed for significant rocking motion and instability when subjected to normal loading, yet willfully disregarded said knowledge;

o)    Defendants had actual knowledge the supporting legs at the region of the bend of vertical to horizontal allowed significant flexure and instability, yet willfully disregarded said knowledge;

p)    Defendants had actual knowledge the plastic seat flexibility allows for significant deformation when subjected to normal loading yet willfully disregarded said knowledge;

q)    Defendants had actual knowledge that the safety warnings included in the assembly instructions are particularly in any clarity and contain no load limitation directive, yet willfully disregarded such knowledge;

r)    Defendants had actual knowledge that the angle of the legs are perpendicular to the floor when compared to other reasonably available designs including product designs comparatively splay the legs out and thereby provide a wider stance against tipping, yet willfully disregarded such knowledge;

s)    Defendants had actual knowledge the seat assembly safety warnings were non-existent yet willfully disregarded said knowledge;

t)    Defendants statutory violations create a presumption and inference of negligence in the design, manufacture, warning, distribution and sale of the subject chair/ seat;

u)    Other acts of negligence and or gross negligence that will be determined in the course of discovery.

21.    That as a direct and proximate result of the negligence and or gross negligence, failure to warn, breach of warranty, and defective condition of the subject chair/seat  Plaintiff MARNIE L. HAHN sustained serious and permanent injuries including, *inter alia*, the following:

7

a)   Permanent injury and loss of the vital body functions performed by her right shoulder, arm, elbow, and hand;

b)   Traumatic brain / closed head injury causing permanent loss functioning;

c)   Aggravation of right knee condition/ surgery causing permanent loss of function;

d)   Disability, past, present and future;

e)   Physical, mental and emotional, pain, past, present and future;

f)   Fright, shock, mortification, humiliation, and embarrassment, past, present and future;

g)   Medical expenses, past, present and future;

h)   Denial of social pleasures and the general enjoyment of life, past, present and future;

i)   Wage loss and loss of wage opportunities;

j)   The loss of society and companionship to and between both Plaintiffs, MARNIE L. HAHN and RICHARD HAHN;

k)   Other injuries and damages to be determined throughout the course of discovery.

WHEREFORE Plaintiffs pray this Honorable Court enter a Judgement against the COSTWAY Defendants in whatever amount they are found to be entitled in excess of Twenty-Five Thousand ($25,000) Dollars with costs, interest and attorney fees so wrongfully incurred.

Respectfully submitted,

**SKUPIN & LUCAS, P.C.**

By:   /S/ David K. Whipple
DAVID K. WHIPPLE (P36767)
Attorney for the Plaintiff
155 W. Congress, Suite 350
Detroit, MI 48226

Dated: May 5, 2020

8

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF ALPENA

MARNIE L. HAHN
and RICHARD HAHN,

      Plaintiffs,

vs.

COSTWAY LLC, COSTWAY.COM, INC.,
GIANTEX, INC., GOPLUS CORP., and
WEI WU, an individual

      Defendants.

Case No.: 20-9520 NI

Hon.:

_____ /

DAVID K. WHIPPLE (P36767)
SKUPIN & LUCAS, P.C.
Attorneys for Plaintiff
155 W. Congress Street, Suite 350
Detroit, Michigan 48226
(313) 961-0425 | (313) 961-1033
jfearnow@skupinandlucas.com -assistant

_____ /

## DEMAND FOR JURY TRIAL

    Plaintiffs, MARNIE L. HAHN and RICHARD HAHN by and through attorney

David K. Whipple, requests a trial by jury of this case.

                  Respectfully submitted,

                  **SKUPIN & LUCAS, P.C.**

By:    */S/ David K. Whipple*
        DAVID K. WHIPPLE (P36767)
        Attorney for the Plaintiff
        155 W. Congress, Suite 350
        Detroit, MI 48226

Dated: May 5, 2020

9