UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARNIE HAHN, et al.,

        Plaintiffs,                    Case No. 20-12396

v.                                      Honorable Thomas L. Ludington

COSTWAY LLC, et al.,

        Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANT WEI WU'S MOTION TO DISMISS**

On May 5, 2020 Plaintiffs Marnie and Richard Hahn filed a complaint in the Alpena County Circuit Court against Defendants Costway LLC, Costway.com, Inc., Giantex, Inc., Goplus Corporation, and Wei Wu. ECF No. 1-2. Defendants Costway LLC, Costway.com Inc., Giantex, Inc., and Goplus Corporation are all organized under California law. *Id.* at PageID.13. Plaintiff alleges that "Defendant Wei Wu . . . is a citizen of the State of California and is an owner of Defendants COSTWAY and maintains business offices . . . [in] Ontario [and Fontana], California." *Id.* at PageID.13–14. Plaintiff alleges that she was injured on March 18, 2018 when a "Costway 7 Height Adjustable Bath Shower Chair Medical Seat Stool . . . . collapsed causing her to fall and suffer traumatic, permanent injuries." *Id.* at PageID.14–15. Plaintiff alleges that Costway sold the chair to the Wal-Mart located in Alpena County, Michigan. *Id.* at PageID.14. The Complaint does allege any fact that would justify disregarding Defendant Wei Wu's limited liability as an owner of the Defendant entities.

On September 2, 2020, Defendants removed the case to this Court based on diversity jurisdiction. ECF No. 1. On September 9, 2020 Defendants Costway LLC, Costway.com Inc., Giantex, Inc., and GoPlus Corp. filed an answer. ECF No. 10. The same day, Defendant Wei Wu

filed a motion to dismiss for lack of personal jurisdiction and insufficient service of process. ECF No. 11. The response and reply were timely filed.

## I.

### A.

Federal Rule of Civil Procedure 12(b)(2) states that "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . lack of personal jurisdiction." A plaintiff bears the burden of establishing personal jurisdiction. *See Brunner v. Hampson*, 441 F.3d 457, 462 (6th Cir. 2006). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleading but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012) (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)).

"Presented with a properly supported 12(b)(2) motion and opposition, the court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen*, 935 F.2d at 1458. When a district court does not conduct an evidentiary hearing, but instead rules solely on written submissions, the plaintiff's burden is relatively slight: the plaintiff "must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal." *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 367, 360 (6th Cir. 2008) (quoting *Theunissen*, 935 F.2d at 1458). In such a case, a court "will not consider facts proffered by the defendant that conflict with those offered by the plaintiff, and will construe the facts in a light most favorable to the nonmoving party." *Indah v. U.S. S.E.C.*, 661 F.3d 914, 920 (6th Cir. 2011) (internal quotations and citation

omitted); *see also Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007). However, "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP,* 476 F.3d 756, 766 (9th Cir.2007); *Odish v. Peregrine Semiconductor, Inc.*, 2015 WL 1119951 at *9. "Because weighing any controverted facts is inappropriate at this stage, dismissal is proper only if [the plaintiff's] alleged facts collectively fail to state a prima facie case for jurisdiction." *Carrier Corp.*, 673 F.3d at 449 (internal quotations and citation omitted).

> As explained by the Sixth Circuit,
>
> To exercise jurisdiction over an out-of-state individual, a federal court must satisfy the long-arm law of the state as well as federal due process. *Miller v. AXA Winterthur Ins.*, 694 F.3d 675, 679 (6th Cir. 2012). The Due Process Clause limits a State's power to bind an out-of-state defendant to a judgment of its courts. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). Only if the out-of-state defendant has "minimum contacts" with the State sufficient to accord with "traditional notions of fair play and substantial justice" may the state court exercise power over it. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).
>
> A State may invoke two types of personal jurisdiction against a defendant: (1) "general" jurisdiction that is dependent on a defendant's generic connections to the State, such as whether the defendant resides there or regularly does business there, *see Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014); and (2) "specific," which is dependent on the defendant's case-related contacts to the jurisdiction, *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

*Evans v. Brown*, 2019 WL 9047225, at *2 (6th Cir. Dec. 6, 2019).

**i.**

As an initial matter, Defendant argues that because "the only basis Plaintiffs provide for specific jurisdiction over Mr. Wu is Michigan's long-arm statute, MCL § 600.711 and 600.715 [which] apply to corporations, not individuals," Plaintiffs have failed to "establish any personal jurisdiction at all with respect to Mr. Wu" and have waived the argument. ECF No. 11 at

PageID.79. The only authority asserted by Defendants for this proposition is *In re Trade Partners, Inc. v. Investors Litigation*, 627 F. Supp. 2d 772 (W.D. Mich. 2008). In that case, Chief Judge Bell concluded that plaintiffs did not assert § 600.701 or § 600.705 as bases for personal jurisdiction over one defendant and thereby waived those bases for personal jurisdiction. However, Judge Bell did not hold that if the specific basis for personal jurisdiction is not asserted in the complaint, then it is waived. Rather, he generally concluded that because plaintiffs "do not assert" the two statutes, plaintiffs had waived 701 and 705 jurisdiction, without identifying whether he was referring to only the complaint or a response to a motion to dismiss. Therefore, at best, it is unclear whether Judge Bell believed a complaint that failed to specify the correct long-arm statute in the complaint constitutes a waiver. Additionally, when deciding a motion to dismiss based upon FRCP 12(b)(2), a court may consider not only the pleadings, but also affidavits submitted by the parties. Even though Plaintiffs cited the incorrect long-arm statute in their complaint, they correctly cite the jurisdiction statute applicable to individuals in their response brief. Therefore, both general and specific personal jurisdiction will be evaluated.

**ii.**

> General jurisdiction exists when a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state.

*Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005) (internal quotations and citations omitted). Michigan's long-arm statute for general jurisdiction over an individual provides,

> The existence of any of the following relationships between an individual and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the individual or his representative and to enable such courts to render personal judgments against the individual or representative.
>
> (1) Presence in the state at the time when process is served.

(2) Domicile in the state at the time when process is served.
(3) Consent, to the extent authorized by the consent and subject to the limitations provided in section 745.

M.C.L. § 600.701.

Defendant argues that he is not subject to general personal jurisdiction in Michigan. He is "a Chinese foreign national who lives in the People's Republic of China" and "does no business in Michigan, has no offices or facilities in Michigan, does not own real estate or pay taxes in Michigan, does not have a mailing address or telephone number in Michigan, and does not employ any employees with an entity headquartered in Michigan." ECF No. 11 at PageID.80. Plaintiffs contend that "this court has both general and specific jurisdiction over Defendant Wei Wu," but their argument and case law focus on specific personal jurisdiction. ECF No. 17 at PageID.108–11. Even though Plaintiffs' burden is slight, they must articulate some basis for their assertion. Plaintiffs have failed to even cite Michigan's general personal jurisdiction statute for individuals, let alone offer an explanation for why Defendant is subject to general jurisdiction in Michigan. He was not present or domiciled in Michigan at the time service of process was attempted.[1] Additionally, Plaintiffs did not provide evidence of, let alone argue, how Defendant consented to general jurisdiction in Michigan. Defendant is not subject to general personal jurisdiction in Michigan.

### iii.

"An exercise of specific jurisdiction is proper where the claims in the case arise from or are related to the defendant's contacts with the forum state." *Intera Corp.*, 428 F.3d at 615. "A court's exercise of personal jurisdiction over a nonresident defendant is appropriate only if it meets

---

[1] In his motion to dismiss, Defendant also argued he was not properly served. Because this Court concludes it does not have personal jurisdiction over Defendant, the question of service of process will not be addressed.

the state's long-arm statute and constitutional due process requirements." *Id.* Michigan's long arm statue for specific jurisdiction provides

> The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
> (1) The transaction of any business within the state.
>
> (2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.
>
> . . .
>
> (5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.

MCL § 600.705. "Under Michigan's long-arm statute, the state's jurisdiction extends to the limits imposed by federal constitutional Due Process requirements, and thus, the two questions become one." *Sports Authority Michigan, Inc. v. Justballs, Inc.,* 97 F.Supp.2d 806, 810 (E.D. Mich. 2000). The Sixth Circuit "promulgated a three-prong test that not only guides the determination of whether specific jurisdiction exists, but also protects the due process rights of a defendant." *Intera Corp.*, 428 F.3d at 615. The *Southern Machine*[2] test provides,

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Intera Corp.*, 428 F.3d at 615 (quoting *S. Mach. Co.*, 401 F.2d at 381)). In step one, "[t]he purposeful availment requirement serves to protect a defendant from being haled into a jurisdiction

---

[2] *S. Mach. Co. v. Mohasco Indus., Inc.,* 401 F.2d 374, 381 (6th Cir.1968).

by virtue of 'random,' 'fortuitous,' or 'attenuated' contacts." *Id.* at 616 (internal citations omitted). "Purposeful availment may exist" as a result of telephone calls and facsimiles regarding the underlying action sent by the Defendant into the forum state. *Id.* Physical presence in the state is not a requirement for step two. *Id.* However, "when the operative facts of the controversy arise from the defendant's contacts with the state," the second prong is satisfied. *Calphalon Corporation v. Rowlette*, 228 F.3d 718, 723 (6th Cir. 2000). "If prongs one and two of *Southern Machine* test are satisfied, then there is an inference that the reasonableness prong is satisfied as well." *Intera Corp.*, 428 F.3d at 618 (6th Cir. 2005). If the third step is considered, there are four factors to analyze.

> Generally, when considering whether it is reasonable to exercise personal jurisdiction over a non-resident defendant, a court must consider several factors including the following: (1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the controversy. *Patterson,* 89 F.3d at 1268.

*Id.* at 618. The burden of traveling to the forum state alone is an insufficient reason to make jurisdiction unreasonable. *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003).

Defendant argues he did not purposefully avail himself of Michigan. He states that "Plaintiffs' Complaint fails to identify any contacts at all between Mr. Wu and Michigan, let alone any contacts specifically relating to the subject matter of this lawsuit that would subject him to personal jurisdiction in this matter." ECF No. 11 at PageID.83. He further contends that the stream of commerce theory fails to establish jurisdiction because there are no specific allegations regarding Mr. Wu in the complaint, except for a general allegation that Defendants "provide[d] and offer[ed] for sale . . . the subject chair/seat through the internet and retail locations throughout the State of Michigan." ECF No. 11 at PageID.84 (quoting ECF No. 1-2 at PageID.14). Defendant

explains that he "has no office, does not pay taxes, does not advertise, and does not employ any employees in the State of Michigan." ECF No. 11 at PageID.84–85.

Defendant concedes that Plaintiffs can meet the "arising from" requirement but argues they cannot meet the third requirement of reasonableness. ECF No. 11 at PageID.85. Defendant asserts "[t]he burden on Mr. Wu to litigate in Michigan is heavy, while the state's interest in this matter is minimal." ECF No. 11 at PageID.86.

Plaintiffs respond by citing MCL§ 600.705, Michigan's individual specific personal jurisdiction statute. They argue that the statute permits personal jurisdiction "upon [Defendant's] doing and causing acts to be done, or consequences to occur in Michigan which have resulted in this action for tort." ECF No. 17 at PageID.108–11 (emphasis omitted). Plaintiffs assert that "[b]oth tortious conduct (advertising, promoting, selling and delivering the defective product) and the injury has occurred in Michigan." *Id.* Plaintiffs maintain the *Southern Machine* test is satisfied because "[a]ll one would have to do, as Plaintiff here did, was to visit her local Wal-Mart website and order the product in question, and then take delivery locally here in Michigan." *Id.* Plaintiffs argue that Defendant "deliberately undertook . . . and cause[d] an act to be done in the state of Michigan" as asserted in paragraphs six through nine of their complaint. *Id.*

The first question is whether Defendant Wei Wu purposefully availed himself of this Michigan forum. "Purposeful availment may exist" as a result of telephone calls and facsimiles regarding the underlying action sent by the Defendant into the forum state. *Intera Corp.*, 428 F.3d at 616. However, Plaintiffs do not assert any evidence of Defendant directing telephone calls, facsimiles, or even online advertisements to residents of Michigan. Plaintiffs have not even attempted to explain the agreement between Defendant Costway and Wal-Mart providing for the sale of the shower seat in Michigan. The fact that Defendant is the incorporator of Costway.com,

Inc. and Giantex Inc. (ECF No. 1-4 at PageID.27, 31) and his companies have not contested personal jurisdiction in this forum does not establish personal jurisdiction for himself. Additionally, Plaintiffs have not alleged any facts that would make Mr. Wu personally liable as the owner of Defendant companies. The mere fact that Plaintiffs' purchased the shower seat in Michigan, without further evidence of how Mr. Wu may have facilitated the sale, is insufficient to establish that Defendant purposefully availed himself of the Michigan forum.

Even if Defendant had purposefully availed himself of this forum, the question of personal jurisdiction fails on the third prong, reasonableness. The burden on Defendant to litigate a case in a foreign country and specifically a state in which he has minimal, if any, involvement is great. This factor favors Defendant. While the second factor of the test favors Plaintiffs because Michigan has an interest in protection of Michigan residents, they have not explained why the same relief could not be sought in California—the state where Defendant is a registered agent for the Defendant companies. The third factor favors neither party. Fourth, Plaintiffs may encounter difficulty pursuing legal action against Defendant in his native China, but California, another state in the United States, also has an interest in this case—protecting United States residents from alleged product liability torts. Additionally, since Defendant Wei Wu is a registered agent and incorporator of multiple Defendant companies, California has an interest in protecting its own residents from similar shower seats in their state. The fourth factor favors Defendant. It would not be reasonable for Defendant Wei Wu to litigate this case in Michigan.

Plaintiffs' have not established a prima facie case of personal jurisdiction against Defendant Wei Wu. Therefore, Defendant Wei Wu's motion to dismiss will be granted and Plaintiffs' complaint will be dismissed against Defendant Wei Wu.

- 10 -

### III.

Accordingly, it is hereby **ORDERED** that Defendant Wei Wu's Motion to Dismiss, ECF No. 11 is **GRANTED**.

It is further **ORDERED** that Defendant Wei Wu is **DISMISSED**.

Dated: November 6, 2020					s/Thomas L. Ludington
							THOMAS L. LUDINGTON
							United States District Judge